# Exhibit B

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

GERALYN JABLONSKI,
on behalf of plaintiff and the classes
defined below; and
PEOPLE OF THE STATE OF ILLINOIS
ex rel. GERALYN JABLONSKI,

    Plaintiffs,

  vs.

RIVERWALK HOLDINGS, LTD.,
RIEXINGER & ASSOCIATES, LLC,
and BAKER & MILLER, P.C.,

    Defendants.

JAN -7 PM 4: 12

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.
11 CH 669
CLERK
DOROTHY BROWN

**NOTICE OF FILING**

**TO: See Certificate of Service**

  **PLEASE TAKE NOTICE** that on January 7, 2011, I caused to be filed with the the
Clerk of the Circuit Court of Cook County, in the above-entitled action, **PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION WITH RESPECT TO COUNTS II AND III**, a
copy of which is attached hereto and hereby served upon you.

           Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603-3406
(312) 739-4200
(312) 419-0379 (Fax)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on January 7, 2011, I served upon all defendants the document attached hereto via U.S. Mail as follows:

Riverwalk Holdings, Ltd.
c/o CT Corporation System
350 N. St. Paul Street, Suite 2900
Dallas, TX 75201

Riexinger & Associates, LLC
c/o Stephen P. Riexinger
2893 Meadowsweet Trail
Snellville, GA 30078

Baker & Miller, P.C.
29 N. Wacker Drive, 5th Floor
Chicago, IL 60606

_____
Daniel A. Edelman

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

GERALYN JABLONSKI,                          )
on behalf of plaintiff and the classes      )
defined below; and                          )
PEOPLE OF THE STATE OF ILLINOIS             )
ex rel. GERALYN JABLONSKI,                  )          11 CH 669
                                            )
              Plaintiffs,                    )
                                            )
       vs.                                   )
                                            )
RIVERWALK HOLDINGS, LTD.,                   )
RIEXINGER & ASSOCIATES, LLC,                )
and BAKER & MILLER, P.C.,                   )
                                            )
              Defendants.                    )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
## WITH RESPECT TO COUNTS II AND III

Plaintiff Geralyn Jablonski, respectfully requests that this Court enter an order determining that Counts II and III of this action may proceed against defendant Riverwalk Holdings, Ltd. on behalf of the following classes.

The class under Count II, alleging violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), consists of (a) all individuals in Illinois (b) against whom Riverwalk (directly or through agents or attorneys) filed or threatened suit (c) on or after January 6, 2006 (5 years prior to the filing of this action), and on or before January 26, 2011 (20 days after the filing of this action).

The class under Count III, alleging violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), consists of (a) all individuals in Illinois (b) against whom Riverwalk (directly or through agents or attorneys) filed or threatened suit (c) on or after January 6, 2010 (1 year prior to the filing of this action), and on or before January 26, 2011 (20 days after the filing of this action).

In support of this motion, plaintiff states:

1

## I.    NATURE OF THE CASE

1.    Plaintiff brought this action to secure redress from unlawful debt collection practices engaged in by defendants Riverwalk, Riexinger & Associates, LLC and Baker & Miller, P.C.

2.    Defendant Riverwalk acquired allegedly defaulted consumer debts and filed lawsuits to collect such debts against plaintiff and at least 150 other Illinois residents (Appendix A). In order to engage in such activity, it was required to have a license from the Illinois Department of Financial and Professional Regulation under the ICAA. It didn't.

3.    Defendants Riexinger & Associates, LLC and Baker & Miller, P.C. are collection law firms. Riexinger sent form letters to Illinois residents representing that Riverwalk could and would sue them. (Appendix B)  Baker & Miller actually filed the lawsuits on behalf of Riverwalk.

4.    Count II alleges that Riverwalk acted as an unlicensed collection agency, in violation of the ICAA.

5.    Count III alleges that all three defendants engaged in unlawful collection practices, in violation of the FDCPA. (Only Riverwalk is a "collection agency" within the ICAA. All three defendants are "debt collectors" subject to the FDCPA.)

### A.    Illinois Collection Agency Act

6.    The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

2

7.     The ICAA contains a long list of substantive prohibitions, compliance with which is enforced by a licensing requirement.

8.     Effective January 1, 2008, the ICAA, at 225 ILCS 425/3(d), was amended to bring debt buyers such as Riverwalk within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same." Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same". By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as Riverwalk, who buy charged-off debts for their own account.

9.     In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2 (emphasis added).   Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

10.     Section 4 of the ICAA, 225 ILCS 425/4, makes it unlawful for a "collection agency" to collect debts in Illinois without a collection agency license. Section 4 provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois. (Emphasis added)** `

3

11. To prosecute a collection lawsuit is to "exercise the right to collect . . . ." Prosecuting scores of collection lawsuits is to "engage in the business of collecting." The ICAA expressly regulates litigation by "collection agencies." ICAA §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b. Furthermore, filing scores of lawsuits in Illinois is not "limited to collecting debts . . . by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state . . . ."

12. By filing the lawsuits without being licensed under the ICAA, Riverwalk violated the following provisions of 225 ILCS 425/9:

> . . . **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
>
> **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

13. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**B.      Fair Debt Collection Practices Act**

14. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

15. In enacting the FDCPA, Congress recognized the

> **universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

4

95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

   16. *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042

(N.D.Ill. 2008) held that

> **the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated.**

Further, "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade*

*Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to

act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v.*

*Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

   17. Whether a debt collector's conduct violates the FDCPA should be judged

from the standpoint of an "unsophisticated consumer." *Turner v. J.V.D.B. & Associates, Inc.*,

330 F.3d 991, 995 (7th Cir. 2003), held that the "test for determining whether a debt collector

violated [the FDCPA] is objective, turning not on the question of what the debt collector knew

but on whether the debt collector's communication would deceive or mislead an unsophisticated,

but reasonable, consumer. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir.

1994)."

   18. Plaintiff need not prove intent, bad faith or negligence; "debt collectors

whose conduct falls short of [the FDCPA's] requirements are liable irrespective of their

intentions." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 805-806 (7th Cir. 2009). And

pursuant to 15 U.S.C. §1692k, statutory damages are recoverable for violations regardless of

whether the consumer proves actual damages − "[all] that is required is proof that the statute was

violated, although even then it is within the district court's discretion to decide whether and if so

how much to award, up to the $1,000 ceiling." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.

1997).

   19. Among the substantive prohibitions of the FDCPA are 15 U.S.C.

§§1692e, 1692e(2), 1692e(5) and 1692e(10), which provide:

§ 1692e.        False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)    The false representation of--

(A)    the character, amount, or legal status of any debt; . . .

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20.    Bringing or threatening lawsuits without a collection license, where one is required by state laws that protect consumers and debtors against unqualified persons, has been held to violate these prohibitions. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The threat is one "to take action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. §1692e(5), and the actual filing both a further threat (to obtain a judgment) and a misrepresentation of the legal status of the debt.

21.    Collection lawyers are fully subject to the requirements of the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

## II.    REQUIREMENTS FOR CLASS CERTIFICATION

22.    Section 2-801 of the Illinois Code of Civil Procedure states:

Prerequisites for the maintenance of a class action.

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

6

**(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.**

23.     Class actions are essential to enforce laws protecting consumers. As the Illinois Appellate Court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App. 3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

24.     Congress expressly recognized the propriety of a class action under the FDCPA, by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and 1692k(b) for class action cases. As a result, numerous FDCPA class actions have been certified – including many handled by counsel representing plaintiffs in this case, such as *Hale v. AFNI, Inc.* 264 F.R.D. 402 (N.D.Ill. 2009); *Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D.Tex. 2009); *Randolph v. Crown Asset Management LLC*, 254 F.R.D. 513 (N.D.Ill. 2008); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D.Ill. 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291 (N.D.Ill. 2007); *Hernandez v. Midland Credit Management, Inc.*, 236 F.R.D. 406 (N.D.Ill. 2006); *Lucas v. GC Services LP*, 226 F.R.D. 337 (N.D.Ind. 2005); *Carbajal v. Capital One FSB*, 219 F.R.D. 437 (N.D.Ill. 2004); *Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336 (N.D.Ill. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark LLC*, 198 F.R.D. 503 (N.D.Ill. 2001); *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46 (D.Conn. 2000); *Vines v. Sands*, 188 F.R.D. 302 (N.D.Ill. 1999); and *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D.Ill. 1999).

### III. THE PROPOSED CLASSES SATISFY THE CLASS ACTION STATUTE

#### A. Numerosity

25.     The first requirement is that the class be so numerous that joinder of all members is impracticable.  The general rule is that this requirement is satisfied when there are 40 class members, although fewer may suffice under particular circumstances. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); *Hale, supra*, 264 F.R.D. at 404-405 (N.D.Ill. 2009) (citing *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969)).

26.     In the present case, the number of Illinois residents sued by Riverwalk can be estimated from public records. The number is in excess of 150.  (Appendix A) All of these lawsuits appear to have been filed by Baker & Miller.  It appears to have been the practice of Riverwalk to have defendant  Riexinger send a letter threatening suit to a consumer before suit is actually filed, although this needs to be confirmed in discovery.

#### B. Commonality and Predominance

27.     The statute requires that there be a common question of law or fact and that the common questions predominate over questions pertaining to individual members.  The "common questions" are usually the existence and legality of a standard business practice. *Haywood v. Superior Bank*, 244 Ill. App. 3d 326, 614 N.E.2d 461, 464 (1st Dist. 1993).

28.     *Hale, supra*, 264 F.R.D. at 405, 407, held that

> **Commonality generally exists when the defendant has engaged in "standardized conduct" toward the members of the proposed class.** *Smith v. Nike Retail Servs., Inc.*, [234 F.R.D. 648, (N.D. Ill. 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). ...
>
> **Rule 23(b)(3)'s predominance requirement is typically satisfied where the central, common issue is whether the defendant's form letter violates the FDCPA.** See *Quiroz v. Revenue Production Mgmt., Inc.*, 252 F.R.D. 438, 444 (N.D. Ill. 2008) (finding that predominance was satisfied where the common question was whether the defendant's form letter violated §1692e); see also *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 418-19 (N.D. Ill. 2007) (finding that predominance was satisfied where class members received "very similar" letters, and the common legal issue was whether those letters

8

violated the FDCPA); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005) (same).

29.     More generally, *Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331, 334 (N.D. Ill. 1974) held that satisfaction of the predominance requirement of Fed.R.Civ.P. 23(b)(3) "normally turns on the answer to one basic question: is there an essential common factual link between all class members and the defendant for which the law provides a remedy?"

30.     In the present case, the predominant common questions include:

    a.    Whether Riverwalk filed or threatened suit without a license;

    b.    Whether such action violated the ICAA;

    c.    Whether such action violated the FDCPA.

31.     The only individual issues are (1) the identification of the members of the class, a matter capable of ministerial determination from defendants' records or public court records, and (2) actual damages, which consist of such items as appearance fees.   Questions readily answerable from a documents  do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) found that the commonality and predominance requirements were met even though there were individual questions of injury and damages; those questions could be answered "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank." *Accord, George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 347 (N.D.Ill. 2008) ("some factual variation among the class grievances will not defeat a class action.... so long as those individual issues are manageable through bifurcated hearings or some other mechanism that allows the common issues to be adjudicated together").

32.     The need for "separate proceedings of some character ... to determine the entitlements of the individual class members to relief" should "not defeat class treatment of the question whether defendants violated [the law]." *Carnegie v. Household International, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). "Once that question is answered, if it is answered in favor of the class, a global settlement... will be a natural and appropriate sequel.  And if there is no

settlement, that won't be the end of the world. Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues. Those solutions include (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class member concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." *Id.* *Accord, McCarthy v. LaSalle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634, 595 N.E.2d 149 (1st Dist. 1992) ("the fact that the class members' recovery may be in varying amounts which must be determined separately does not necessarily mean that there is no predominate common question").

## C. Adequacy of representation

33. The statute also requires that a named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) a plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) a plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Hale, supra*, 264 F.R.D. at 406.

34. Both of these considerations are satisfied here. Plaintiff understands the obligations of a class representative, and has retained experienced counsel – as is indicated by Appendix C, which sets forth counsel's qualifications. Further, both plaintiffs and members of the class seek money damages as the result of defendants' unlawful collection practices. Given the identity of claims between plaintiff and members of the class, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

## D. Appropriateness of class action

35. *Hale, supra*, 264 F.R.D. at 407, noted that "class actions are especially appropriate for resolving FDCPA claims. See *Crawford v. Equifax Payment Servs., Inc.*, 201

F.3d 877, 880 (7th Cir. 2000); *Randolph*, [*supra*, 254 F.R.D. at 520]. Where, as here, the

defendant has 'engaged in standardized conduct by sending form letters to many consumers, and

each individual consumer's claim would likely be too small to vindicate through [**13] an

individual suit,' a class action is the most efficient, effective way to proceed. *Quiroz*, [252

F.R.D. at 444]; see also *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)."

      36.    *Randolph* further held that "[a] class action is superior where potential

damages may be too insignificant to provide class members with incentive to pursue a claim

individually.... the Seventh Circuit has noted that although the FDCPA allows for individual

recoveries, this assumes that the plaintiff is aware of his or her rights, willing to be subjected to

litigation and able to find an attorney to take the case. *Mace*, [*supra*, 109 F.3d at 344]. 'These are

considerations that cannot be dismissed lightly in assessing whether a class action or a series of

individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.' *Id.*"

*Randolph*, 254 F.R.D. at 520.

      37.    In this case there is no better method available for the adjudication of the

claims which might be brought by each individual debtor. The vast majority of debtors are

undoubtedly unaware that their rights are being violated. In addition, persons from whom

defendants are attempting to collect allegedly delinquent debts are, by definition, unlikely to be

able to pay to retain counsel to protect their rights on an individual basis.

      38.    The special efficacy of the consumer class action has been noted by the

courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims
> adjudicated in a single lawsuit. This is particularly important where, as
> here, a large number of small and medium sized claimants may be involved.
> In light of the awesome costs of discovery and trial, many of them would not
> be able to secure relief if class certification were denied . . . .**

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is**

11

unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

39.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## IV.     CONCLUSION

40.     The proposed classes meet the requirements of the class action statute. Plaintiff respectfully requests that this Court certify Counts II and III of this action as a class action.

Respectfully submitted,

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\25227\Pleading\Plaintiff's Motion for class certification_Pleading.WPD

12

# APPENDIX A

| County | Case # | Name | Address | | | |
|--------|--------|------|---------|---|---|---|
| COOK | 10M1 0201936 | GABIOUD, MARY | 111 W STREAMWOOD BLVD | STREAMWOOD | IL | 60107 |
| COOK | 10M1 0201939 | SHMILYK, YAROSLAV | 1165 PLEASANT RUN DR APT 5 | WHEELING | IL | 60090 |
| COOK | 10M1 0201942 | TRAYLOR, BYRON J | 7211 S GREEN ST | CHICAGO | IL | 60621 |
| COOK | 10M1 0201945 | LILLEY, RICHARD W JR | 820 W 36TH ST APT 6 | CHICAGO | IL | 60609 |
| DUPAGE | 10AR 0003934 | DILEO, FRANK | 115 E CAYUGA ABE | ELMHURST | IL | |
| DUPAGE | 10SC 0009121 | DALY, ROBERT D | 4939 PUFFER RD APT 103 | DOWNERS GROVE | IL | |
| DEKALB | 10SC 0001675 | PERRY, DAVID W | 16305 HICKORY CIRCLE | SYCAMORE | IL | 60178 |
| KANE | 10AR 0001688 | GUAJARDO, JUAN | 665 N LIBERTY ST | ELGIN | IL | 60120 |
| LAKE | 10 SC 001023 | DE ANGELIS, DAN M | 620 WEST KEITH AVE | WAUKEGAN | IL | 60085 |
| LAKE | 10 SC 0010211 | PALTI, GENNADIY | 20560 WESTPARK PLACE | DEER PARK | IL | 60010 |
| LAKE | 10SC 0010215 | RAINBOLT, STEPHEN | 10210 WILMETTE AVE | ALGONQUIN | IL | 60102 |
| WILL | 10AR 0002443 | POSKROBEK, CHRISTOPH | 295 SHENANDOAH DR | ROMEOVILLE | IL | 60446 |
| WILL | 10SC 0011313 | ANDOH, KWAKU | 338 MAGNOLIA CT | BOLINGBROOK | IL | 60440 |
| WILL | 10SC 0011315 | GANZE, RAMONA | 1255 SANTA FE RD 103 | ROMEOVILLE | IL | 60446 |
| WILL | 10SC 0011317 | ACUNA, NORMA | 3058 AZURE CV | AURORA | IL | 60503 |
| WILL | 10SC 0011319 | TIPPET, MICHELE | 23144 W OAK ST | PLAINFIELD | IL | 60544 |
| COOK | 10M1 0201734 | MOULDS, JAMES | 6957 N SHERIDAN RD APT 3 | CHICAGO | IL | 60626 |
| COOK | 10M1 0201737 | SIWINSKI, CAROL | 12823 HILL DR | CRESTWOOD | IL | 60445 |
| COOK | 10M1 0201739 | BROWN, JENNIFER W | PO BOX 529 | MARKHAM | IL | 60428 |
| COOK | 10M1 0201742 | MIKIEWICZ, IRENA | 6311 W ROSCOE ST | CHICAGO | IL | 60634 |
| COOK | 10M1 0201744 | FEDORYCHYN, TARAS | PO BOX 410562 | CHICAGO | IL | 60641 |
| COOK | 10M1 0201746 | MIGUEL, LETICIA | 3205 HOWARD ST | SKOKIE | IL | 60076 |
| COOK | 10M1 0201748 | DONLON, KELLY A | 410 S WESTERN AVE UNIT 207 | DES PLAINES | IL | 60016 |
| COOK | 10M1 0201750 | STANIC, LILLY | 510 HILL DR APT 208 | HOFFMAN ESTATES | IL | 60169 |
| COOK | 10M1 0201870 | HONG, SUZY K | 128 STATION PARK CIR | GRAYSLAKE | IL | 60030 |
| COOK | 10M1 0210870 | EVENKO, NIKOLAI V | 213 DUNTON CT | MUNDELEIN | IL | 60060 |
| COOK | 10M1 0210875 | ROBELLY, FRANK X | 1018 NORTH 4TH AVE | MAYWOOD | IL | 60153 |
| COOK | 10M1 0203995 | GORIS, MIGUELINA | 1645 N KARLOV AVE | CHICAGO | IL | 60639 |
| COOK | 10M1 0203997 | LAZAR, DAN V | 6418 N ALBANY AVE APT 3 | CHICAGO | IL | 60645 |
| COOK | 10M1 0203999 | LEWIS, MICHAEL E | 4634 N KARLOV AVE | CHICAGO | IL | 60630 |
| COOK | 10M1 0204001 | SARI, HALIL | 5350 N WASHTENAW AVE | CHICAGO | IL | 60625 |
| COOK | 10M1 0204003 | ANCA, GEORGE | 3744 N SPAULDING AVE | CHICAGO | IL | 60618 |
| COOK | 10M1 0204005 | RIVERO, DANIEL | 688 NIAGARA DRIVE | BOLINGBROOK | IL | 60440 |
| COOK | 10M1 0204007 | GALEA, MELANIA | 7821 KENTON AVE | SKOKIE | IL | 60076 |
| COOK | 10M1 0204012 | VOLOSHIN, ROMAN | 9527 KILDARE AVE | SKOKIE | IL | 60076 |
| COOK | 10M1 0204014 | MARCANO, YORIEL | 2281 ELMIRA AVE | DES PLAINES | IL | 60018 |
| COOK | 10M1 0204016 | | | | | |

| County | ID | Name | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| COOK | 10M1 0204018 | KOPER, DOROTA | 2415 NORTH 76TH AVE | ELMWOOD PARK | IL | 60707 |
| COOK | 10M1 0204060 | YEGANEH, SUDABEH N | 7100 N KEATINGA VE | LINCOLNWOOD | IL | 60712 |
| COOK | 10M1 0204070 | ZAMMUTO, RENAE J | 966 BUTTER CREEK CT | HOFFMAN ESTATES | IL | 60169 |
| COOK | 10M1 0204075 | HERRERA, MARIA I | 3339 EMERSON ST | FRANKLIN PARK | IL | 60131 |
| COOK | 10M1 0204079 | KUDLACIK, AGNIESZKA | 1934 N 73RD AVE | ELMWOOD PARK | IL | 60707 |
| COOK | 10M1 0204085 | WZROREK, JANINA | 728 OVERHILL AVE | PARK RIDGE | IL | 60068 |
| COOK | 10M1 0204090 | TORRES, GUSTAVO H | 2200 N 74TH AVE | ELMWOOD PARK | IL | 60707 |
| COOK | 10M1 0204740 | CORTES, HEVERT | 2238 N AVERS AVE APT 2 | CHICAGO | IL | 60647 |
| DUPAGE | 10SR 0003830 | SIDDIQUI, MOIN | 790 STANFORD LN | CAROL STREAM | IL | |
| DUPAGE | 10SR 0003832 | KUCHARZAK, GRZEGORZ A | 428 E LORRAINES AVE | ADDISON | IL | 60510 |
| KANE | 10AR 001901 | FELVEY, PATRICIA | 428 LAUREL ST | BATAVIA | IL | 60134 |
| KANE | 10AR 001909 | RAPACKI, GINA M | 1407 SHERWOOD LN | GENEVA | IL | 60085 |
| LAKE | 10AR 0002729 | WALKER, ZUZANA | 2211 YEOMAN ST APT 2A | WAUKEGAN | IL | 60085 |
| COOK | 10M1 0208987 | PIATEK, JOWITA | 202 E MARION AVE | PROSPECT HEIGHTS | IL | 60630 |
| COOK | 10M1 0208989 | GUARDADO, PETRA | 5104 N AUSTIN AVE | CHICAGO | IL | 60051 |
| MCHENRY | 10SC 0005495 | JABLONSKI, GERALYN | 2212 JOHNSBURG RD | JOHNSBURG | IL | 60051 |
| COOK | 10M1 0204935 | THOMPSON, DAVID L | 1323 N 33RD AVE | MELROSE PARK | IL | 60586 |
| WILL | 10SC 0012704 | ZUNO, ALMA | 2911 SIERRA AVE | PLAINFIELD | IL | 60440 |
| WILL | 10SC 0012706 | KOZAK, STEVEN A | 161 LAWTON LN | BOLINGBROOK | IL | |
| DUPAGE | 10AR 0004028 | PREJNA, GARY R | 230 GLEN ELLYN RD | BLOOMINGDALE | IL | |
| DUPAGE | 10AR 0004104 | THOMPSON, MARILYN G | 1121 S OAK ST | WEST CHICAGO | IL | 60440 |
| WILL | 10AR 0002489 | SHAMSI, MEENA | 440 MALLVIEW LN | BOLINGBROOK | IL | |
| DUPAGE | 10SR 004055 | TRUE, JAMES W | 417 WOODSIDE DR | WOOD DALE | IL | |
| COOK | 10SC 0011820 | TAYLOR, AARON N | 344 THISTLE DR | BOLINGBROOK | IL | 60490 |
| WINNEBAGO | 10AR 0000919 | HIGGINS, DALE R | 230 GUARD ST | ROCKFORD | IL | 61103 |
| MCHENRY | 10AR 0001413 | JKONRAD, EMILY H | 2523 KNOB HILL RD | JOHNSBURG | IL | 60051 |
| MCHENRY | 10SC 0005256 | DYNIA, MARY | 8217 GREENWOOD RD | HEBRON | IL | 60034 |
| MCHENRY | 10SC 005253 | LEE, BARBARA | 702 SUZANNE CT | SPRING GROVE | IL | 60081 |
| MCHENRY | 10SC 0005389 | SNUTY, DEBORAH | 8112 GERSON DR | WONDER LAKE | IL | 60097 |
| LINSKEY, TRINA L | 10SC 0004917 | LINSKEY, TRINA L | 1117 JAMES AVE | ROCKFORD | IL | 61107 |
| WINNEBAGO | 10SC 0004921 | SULLIVAN, HEATHER L | 2217 EVANS AVE | LOVES PARK | IL | 61111 |
| WINNEBAGO | 10SC 0005053 | BANOWETZ, CHRISTOPHER | 5092 ARBUTUS RD | ROCKFORD | IL | 61107 |
| COOK | 10M1 213136 | ALHISNAWI, JASEM M | 837 W CORAL | NORRIDGE | IL | 60706 |
| COOK | 10M1 0206762 | DEVON, JOSEPH | 110 S STRATFORD RD | ARLINGTON HEIGHTS | IL | 60004 |
| COOK | 10M1 0206764 | PARK, JONG | 7513 CHURCHILL ST | MORTON GROVE | IL | 60053 |
| COOK | 10M1 0206766 | DOLKART, SHEILA | 1524 ASBURY AVE | WINNETKA | IL | 60093 |
| COOK | 10M1 0206770 | CIESLA, JOHN R | 5529 N OKETO AVE | CHICAGO | IL | 60656 |

| County | Case Number | Name | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| COOK | 10M1 0206772 | LA ROE, KEVIN | 411 ELMORE ST | PARK RIDGE | IL | 60068 |
| COOK | 10M1 0206933 | GONZALEZ, ASUNCION | 21 S DELPHIA AVE | PARK RIDGE | IL | 60068 |
| COOK | 10M1 0206975 | MERCADO, RAFAEL | 450 W TOUHY AVE | DES PLAINES | IL | 60018 |
| COOK | 10M1 0207563 | NIKOLAYCHI, IGOR | 3017 W JEROME ST | CHICAGO | IL | 60645 |
| COOK | 10M1 0207565 | ERGUL, HUHSEYIN | 720 WELLINGTON AVE UNIT 505 | ELK GROVE VILLAGE | IL | 60007 |
| DUPAGE | 10SC 0009534 | NOSENKO, NATALYA | 1304 MONMOUTH AVE | NAPERVILLE | IL | |
| DUPAGE | 10SC 0009537 | BROD, DANA | 98W HICKORY RD | LOMBARD | IL | |
| COOK | 10M1 210871 | ASKEW, MABLE | | | | |
| COOK | 10M1 210884 | JENSKY, KIMBERLY D | | | | |
| COOK | 10M1 208988 | GUTOWSKI, WLODZIMIE | | | | |
| COOK | 10M1 207564 | CORLACIU, VASILE | | | | |
| COOK | 10M1 206757 | GANGANNAGARI, VENKA | | | | |
| COOK | 10M1 206763 | KIM, HAN N | | | | |
| COOK | 10M1 206765 | BUTT, MUHAMMAD S | | | | |
| COOK | 10M1 206767 | NORDSTR LINDA OLIV | | | | |
| COOK | 10M1 206768 | DOLKART, SHEILA | | | | |
| COOK | 10M1 206771 | COOK, JEFFREY A JR | | | | |
| COOK | 10M1 206787 | BAHENA, EVANGELINA | | | | |
| COOK | 10M1 206934 | BERGER MIKE | | | | |
| COOK | 10M1 206976 | DONOFRIO, RICHARD | | | | |
| COOK | 10M1 204741 | KOFFSKI, RONALD K | | | | |
| COOK | 10M1 204933 | PANKAMA BUPPA | | | | |
| COOK | 10M1 204066 | SALGADO, MARIA L | | | | |
| COOK | 10M1 204082 | SAULOG, CAESAR | | | | |
| COOK | 10M1 204095 | BARANOWSKI, PRZEMYS | | | | |
| COOK | 10M1 203996 | YOUNAN RAMSIN N | | | | |
| COOK | 10M1 203998 | MORALES JESUS A | | | | |
| COOK | 10M1 204000 | SANCHEZ, SILVIANO | | | | |
| COOK | 10M1 204002 | MORENO, CARLOS | | | | |
| COOK | 10M1 204004 | ALJADER, DAHER | | | | |
| COOK | 10M1 204006 | RODRIGUEZ, ROSALBA | | | | |
| COOK | 10M1 204011 | HERNANDEZ, FATIMA | | | | |
| COOK | 10M1 204013 | RAMIREZ, VANESSA | | | | |
| COOK | 10M1 204015 | ZURITA, ANTONIO | | | | |
| COOK | 10M1 204017 | GAY, MICHAEL J | | | | |
| COOK | 10M1 204019 | HWANG EUI K | | | | |
| COOK | 10M1 201736 | MROCZKO, AMELIA | | | | |

| County | Case Number | Name |
|---|---|---|
| COOK | 10M1 201738 | WILLIAMS ZE A |
| COOK | 10M1 201743 | MORALES RUBEN |
| COOK | 10M1 201745 | RUELAS ARACELI |
| COOK | 10M1 201747 | RICEAN DORINA C |
| COOK | 10M1 201749 | VAZGELA, EDVINAS |
| COOK | 10M1 201751 | DATILLO, TRACEY |
| COOK | 10M1 201935 | SHEN, JANET R |
| COOK | 10M1 201937 | MROZ, DAREK |
| COOK | 10M1 201938 | GRANT GERALD III |
| COOK | 10M1 201943 | BLOHM JODI |
| COOK | 10M1 201946 | PESINA SAUL |
| COOK | 10M1 201956 | KALEEVSKI, SLAVI T |
| COOK | 10M1 005494 | KOTTKE, DANIEL J |
| COOK | 10M1 001413 | KINRAD, EMILY H |
| CLINTON | 10SC 001980 | CHYCINSKI LINDA A |
| | 10LM 001301 | WIEDMAN WILLIAM F |
| DUPAGE | 10SR 003833 | IVORY, FALESA A |
| DUPAGE | 10SR 003831 | SHETKA, DAVID |
| DUPAGE | 10SC 009533 | KING, THOMAS |
| DUPAGE | 10SC 009120 | GRZYBEK, ANGIE |
| DUPAGE | 10AR 004102 | CONNER, JERRY |
| DUPAGE | 10AR 004027 | MAYO, BRADLEY |
| KENDALL | 10SC 001581 | ROMERO, RODRIGO |
| DEKALB | 10SC 001674 | MULLER, PAMELA S. |
| DEKALB | 10SC 001861 | LEVEQUE, GARY L. |
| WINNEBAGO | 10SC 004840 | KOHLER, MICHAEL P. |
| WINNEBAGO | 10SC 004841 | BUTLER, GIANNA R. |
| SANGAMON | 10SC 006303 | SIMMONS, EVERETT W. |
| KANE | 10SC 006955 | MEZA, JESUS P. |
| KANE | 10SC 006956 | MITCHELL, ERIC |
| KANE | 10SC 006957 | VALDES, ANGELO L. |
| KANE | 10SC 006958 | MAKINDE, SHOLA |
| KANE | 10SC 006964 | OBRIEN, HYECHIN Y. |
| WINNEBAGO | 10SC 011314 | TRIGUEROSPAZ, CESAR |
| WINNEBAGO | 10SC 011316 | STERNAL, CHRISTOPHER |
| WINNEBAGO | 10SC 011318 | GUDANAVICIUS, AUDRIUS |
| WINNEBAGO | 10SC 011322 | VADIVIA, MARTIN |

| WINNEBAGO | 10SC 011322 | PINA, MARIA |
| WINNEBAGO | 10SC 011819 | LOPEZ, OLGA A. |
| WINNEBAGO | 10SC 011823 | SALAMANCA, ROBERTO |
| WINNEBAGO | 10SC 012519 | KIM, DOROTHY J. |
| WINNEBAGO | 10SC 012705 | OWUSU, DENNIS |

# APPENDIX B

**Riexinger & Associates, LLC**
*Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780

Redacted

01/12/2010

File No.:
Account #:
Original Creditor:
Current Balance:

Dear Geralyn Jablonski:

This office has made several attempts to assist you in resolving the past due account you originally incurred with US BANK and currently owned by RIVERWALK HOLDINGS, LTD, referred to above. As of the date of this letter all of our efforts have been unsuccessful.

Our client has directed us to evaluate your account for litigation if we cannot reach a resolution. Your account has been assigned to our Pre-legal and Asset Investigation Team for this purpose. After evaluation your account may be assigned to our legal department or forwarded to an attorney in the appropriate jurisdiction with instruction to file suit.

We would like to resolve this matter amicably if possible, but we must speak with you to do so. Please contact this office at (800) 713-7780 to negotiate a fair resolution to this delinquent account.

When contacting us please reference your file number or account number above and ask to speak to a representative of our Pre-legal and Asset Investigation Team to help properly transfer your call.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

IN REGARD TO THIS COMMUNICATION, RIEXINGER & ASSOCIATE, LLC IS ACTING AS A DEBT COLLECTOR AND THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, AS DEFINED BY U.S.C. 1692 (A)(6). THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**



*Detach and return below portion with payment.*

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

File Number:

|ldld||ldlld||ldll||ldlldld||ldldldldld||
22222***AUTO**MIXED AADC 350
Geralyn Jablonski

45

Visa [ ] MasterCard [ ]

Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.:

EXPIRATION DATE:        PAYMENT AMOUNT:
                        $ _____

REMIT TO:
|ldl|ldld||ldl||ldldld||ldll||ldldldldld||
Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

Name:           Geralyn Jablonski
Account #:
Original Credit Issuer:

# APPENDIX C

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

GERALYN JABLONSKI,                          )
on behalf of plaintiff and the classes      )
defined below; and                          )
PEOPLE OF THE STATE OF ILLINOIS             )
ex rel. GERALYN JABLONSKI,                  )       11 CH 669
                                            )
            Plaintiffs,                     )
                                            )
        vs.                                 )
                                            )
RIVERWALK HOLDINGS, LTD.,                   )
RIEXINGER & ASSOCIATES, LLC,                )
and BAKER & MILLER, P.C.,                   )
                                            )
            Defendants.                     )

## DECLARATION OF DANIEL A. EDELMAN

     Daniel A. Edelman declares under penalty of perjury, as provided for by § 1-109 of the Code of Civil Procedure/ 28 U.S.C. §1746, that the following statements are true:

     1.    Edelman, Combs, Latturner & Goodwin, LLC, has 7 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Michelle R. Teggelaar, Francis R. Greene and Julie Clark, and 7 associates.

     2.    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Collection Defense (Ill. Inst. Cont. Legal Educ. 2008); Representing Consumers in Litigation with Debt Buyers (Chicago Bar Ass'n 2008); Predatory Mortgage Lending (Ill. Inst. for Cont. Legal. Educ. 2008), author of Chapter 6, "Predatory Lending and Potential Class Actions," in Real Estate Litigation (Ill. Inst. For Cont. Legal Educ. 2008), Chapter 4-1, "Truth in Lending Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2008), Predatory Lending and Potential Class Actions, ch. 6 of Illinois Mortgage Foreclosure Practice (Ill. Inst. For Cont. Legal Educ.2003); Predatory Lending and Potential Class Actions, ch. 5 of Real Estate Litigation (Ill. Inst. For Cont. Legal Educ.2004); Illinois Consumer Law, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); Payday Loans: Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance

1

<u>Claims</u>, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," <u>Ohio Consumer Law</u> (1995 ed.); co-author of <u>Fair Debt Collection: The Need for Private Enforcement</u>, 7 Loy.Consumer L.Rptr. 89 (1995); author of <u>An Overview of The Fair Debt Collection Practices Act</u>, in Financial Services Litigation, Practicing Law Institute (1999); co-author of <u>Residential Mortgage Litigation</u>, in Financial Services Litigation, Practicing Law Institute (1996); author of <u>Automobile Leasing: Problems and Solutions</u>, 7 Loy.Consumer L.Rptr. 14 (1994); author of <u>Current Trends in Residential Mortgage Litigation</u>, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers</u>, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, <u>Attorney Liability Under the Fair Debt Collection Practices Act</u> (Chicago Bar Ass'n 1996); author of <u>The Fair Debt Collection Practices Act: Recent Developments</u>, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

   3.   **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Her reported decisions include: <u>Nielsen v. Dickerson</u>, 307 F. 3d 623 (7th Cir. 2002); <u>Chandler v. American General Finance, Inc.</u>, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); <u>Miller v. McCalla Raymer</u>, 214 F. 3d 872 (7th Cir. 2000); <u>Bessette v. Avco Financial Services</u>, 230 F. 3d 439 (1st Cir.2000); and <u>Emery v. American Gen. Fin., Inc.</u>, 71 F. 3d 1343 (7th Cir. 1995). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Tenth Circuit Court of Appeals, and United States District Court for the District of Colorado. She is a member of the Northern District of Illinois trial bar.

   4.   **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in <u>Federal Practice Manual for Legal Services Attorneys</u> (M. Masinter, Ed., National Legal Aid and Defender Association 1989); <u>Governmental Tort Immunity in Illinois</u>, 55 Ill.B.J. 29 (1966); <u>Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations</u>, 2 Loy.Consumer L.Rep. 64 (1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting

2

four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases:** Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1ˢᵗ Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1ˢᵗ Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6.    **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7ᵗʰ Cir.1999); ; Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D. Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc , 753 N.E.2d 572 (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7.    **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Ruth v. Triumph Partnerships, 577 F.3d 790 (7ᵗʰ Cir. 2009); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7ᵗʰ Cir. 2006); Roquet v. Arthur Andersen LLP, 398 F.3d 585 (7ᵗʰ Cir. 2005); Tri-G, Inc. v. Burke, Bosselman & Weaver,

856 N.E.2d 389 (Ill. 2006); Johnson v. Thomas, 794 N.E.2d 919 (Ill.App.Ct. 2003); Hale v. Afni, Inc., 2010 U.S. Dist. LEXIS 6715 (N.D. Ill. 2010); Parkis v. Arrow Fin Servs., 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. 2008); Foster v. Velocity Investments, 2007 U.S. Dist. LEXIS 63302 (N.D.Ill. 2007); Foreman v. PRA III, LLC, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. 2007); Schutz v. Arrow Fin. Services, 465 F. Supp. 2d 872 (N.D. Ill. 2006); Pleasant v. Risk Management Alternatives, 2003 WL 22175390 (N.D. Ill. 2003); Hill v. Amoco Oil Co., U.S. Dist. LEXIS 1795 (N.D. Ill. 2003). He is a member of the Northern District of Illinois trial bar.

        **8.**     **Julie Clark** (nee Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank, 219 F. Supp.2d 935 (N.D. Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Western Ry. Devices Corp. v. Lusida Rubber Prods., 06 C 52, 2006 U.S. Dist. LEXIS 43867 (N.D. Ill. June 13, 2006); Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D. Ill. June 4, 2007); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 07 C 5715, 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007) ; Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill. May 17, 2008); Sadowski v. OCO Biomedical, Inc., 08 C 3225, 2008 U.S. Dist. LEXIS 96124 (N.D. Ill. Nov. 25, 2008).

        **9.**     **Associates**

        **a.**     **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

        **b.**     **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D. Ill. 2006); Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D. Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F.Supp.2d 776 (N.D. Ill. 2007); Cicilline v. Jewel Food Stores, Inc., 542 F.Supp.2d 842 (N.D.Ill. 2008); Randolph v. Crown Asset Management LLC, 254 F.R.D. 513 (N.D.Ill. 2008); Irvine v. 233 Skydeck LLC, 597 F.Supp.2d 799 (N.D.Ill. Feb. 12, 2009).

        **c.**     **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F.Supp.2d 983 (N.D. Ill. 2007); Hernandez v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); Balogun v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

        **d.**     **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

        **e.**     **Zachary A. Jacobs** is a graduate of the University of South

Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

        **f.**    **Rupali R. Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois (J.D. *cum laude* 2007).

        **g.**    **Catherine A. Ceko** is a graduate of Northwestern University (B.A. 2005) and DePaul University (J.D. *summa cum laude* 2008).

    **10.** The firm also has 15 legal assistants, as well as other support staff.

    **11.**    Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

    **12.**    **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: ; Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir. 2007); Handy v. Anchor Mortg. Corp., 464 F.3d 760 (7th Cir. 2006); Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 99 C 6884, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 90 C 3708, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 91 C 4223, 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 91 C 4542,1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); Robinson v. Empire of America Realty Credit Corp., 90 C 5063, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 94 C 3789, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

    **13.**    The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

    **14.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

    **15.**    **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes.

Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

**16.** **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

**a.** Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927 (7th Cir. 1998).

**b.** Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 94 C 2177, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 94 C 6723, 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302 (N.D.Ill. 1995); Shields v. Lefta, Inc., 888 F. Supp. 891 (N.D.Ill. 1995).

**c.** Spot delivery. Janikowski v. Lynch Ford, Inc., 98 C 8111, 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

**d.** Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

**e.** Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); Qualkenbush v. Harris Trust & Sav. Bank, 219 F. Supp. 2d 935 (N.D. Ill. 2002).

**f.** Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

**17.** These cases also had a substantial effect on industry practices. The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

**18.** **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir. 2007); Handy v. Anchor Mortg. Corp., 464 F.3d

760 (7th Cir. 2006); <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748 (7th Cir. 2000); <u>Hubbard v. Ameriquest Mortg. Co.</u>, 05 C 389, 2008 U.S. Dist. LEXIS 75799 (N.D.Ill., September 30, 2008); <u>Martinez v. Freedom Mortg. Team, Inc.</u>, 527 F. Supp. 2d 827 (N.D.Ill. 2007); <u>Pena v. Freedom Mortg. Team, Inc.</u>, 07 C 552, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); <u>Miranda v. Universal Fin. Group, Inc.</u>, 459 F. Supp. 2d 760 (N.D.Ill. 2006); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u>, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 19, 2002); <u>Gilkey v. Central Clearing Co.</u>, 202 F.R.D. 515 (E.D.Mich. 2001); <u>Van Jackson v. Check 'N Go of Ill., Inc.</u>, 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); <u>Henry v. Cash Today, Inc.</u>, 199 F.R.D. 566 (S.D.Tex. 2000); <u>Donnelly v. Illini Cash Advance, Inc.</u>, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); <u>Jones v. Kunin</u>, 99-818-GPM, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); <u>Davis v. Cash for Payday</u>, 193 F.R.D. 518 (N.D.Ill. 2000); <u>Reese v. Hammer Fin. Corp.</u>, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); <u>Pinkett v. Moolah Loan Co.</u>, 99 C 2700, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); <u>Gutierrez v. Devon Fin. Servs.</u>, 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); <u>Vance v. National Benefit Ass'n</u>, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

      **19.**    **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

      **a.**    Phony nonfiling insurance. <u>Edwards v. Your Credit Inc.</u>, 148 F.3d 427 (5th Cir. 1998); <u>Adams v. Plaza Finance Co.</u>, 168 F.3d 932 (7th Cir. 1999); <u>Johnson v. Aronson Furniture Co.</u>, 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

      **b.**    The McCarran Ferguson Act exemption. <u>Autry v. Northwest Premium Services, Inc.</u>, 144 F.3d 1037 (7th Cir. 1998).

      **c.**    Loan flipping. <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995). <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

      **d.**    Home improvement financing practices. <u>Fidelity Financial Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Heastie v. Community Bank of Greater Peoria</u>, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). <u>Heastie</u> granted certification of a class of over 6,000 in a home improvement fraud case.

      **e.**    Arbitration clauses. <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

      **f.**    Insurance packing. <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

      **20.**    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions

in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 92 C 6355, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 91 C 8014, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 94 C 3055, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

**21.** Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

**22. Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (coverage of debt buyers); Peter v. GC Servs. L.P., 310 F.3d 344 (5th Cir. 2002); Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000); Johnson v. Revenue Management Corp., 169 F.3d 1057 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2nd Cir. 1998); Young v. Citicorp Retail Services, Inc., .97-9397, 1998 U.S.App. LEXIS 20268 (2nd Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 94 C 3234, 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Ramirez v. Apex Fin. Mgmt., LLC, 567 F. Supp. 2d 1035 (N.D.Ill. 2008); Cotton v. Asset Acceptance, LLC, 07 C 5005, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); Buford v. Palisades Collection, LLC, 552 F. Supp. 2d 800 (N.D.Ill. 2008); Martin v. Cavalry Portfolio Servs., LLC, 07 C 4745, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008); Hernandez v. Midland Credit Mgmt., 04 C 7844, 2007 U.S.

8

Dist. LEXIS 16054 (N.D.Ill., March 6, 2007, amended Sept. 25, 2007) (balance transfer program); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 93 C 4183, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 98 C 6403, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); Davis v. Commercial Check Control, Inc., 98 C 631, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 93 C 4132, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 93 C 4151, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 93 C 4978, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 93 C 4941, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 93 C 4152, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995).

23.     Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

24.     **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions. One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); In re Ocean Bank, 06 C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion, 2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet , Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

25.     **Class action procedure:** Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

26.     **Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include Wang v. Williams, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); Dickson v. West Koke Mill Vill. P'Ship, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and Onni v. Apt. Inv. & Mgmt. Co., 344 Ill.

9

App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

      27.    **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: American Family Mut. Ins. Co. v. C.M.A. Mortg., Inc., 1:06-cv-1044-SEB-JMS, 2008 U.S. Dist. LEXIS 30233 (S.D.Ind. March 31, 2008); Record-A-Hit, Inc. v. Nat'l Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Pietras v. Sentry Ins. Co., 06 C 3576, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); Auto-Owners Ins. Co. v. Websolv Computing, Inc., 06 C 2092, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); Nat'l Fire Ins. Co. v. Tri-State Hose & Fitting, Inc., 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

      28.    **Debtors' rights.** Important decisions include: Ramirez v. Palisades Collection LLC, 07 C 3840, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (Illinois statute of limitations for credit card debts); Parkis v. Arrow Fin. Servs., 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008) (same); Rawson v. Credigy Receivables, Inc., 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); Jones v. Kunin, 99-818-GPM, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); Qualkenbush v. Harris Trust & Sav. Bank, 219 F. Supp. 2d 935 (N.D. Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); Wilson v. Harris N.A., 06 C 5840, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill., September 4, 2007).

      29. **Telephone Consumer Protection Act.**    The firm has brought a number of cases under the "junk fax" and "spam text message" provisions of the statute. Important decisions include: Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Benedia v. Super Fair Cellular, Inc., 07 C 01390, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., September 26, 2007); Centerline Equip. Corp. v. Banner Pers. Serv., 545 F. Supp. 2d 768 (N.D.Ill. 2008).

      30.    Some of the other reported decisions in our cases include: Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 B. R. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 93 C 4311, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 88 C 8441, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

      31.    Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Respectfully submitted,

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106