IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALYN JABLONSKI, on behalf of plaintiff and the classes defined below; and PEOPLE OF THE STATE OF ILLINOIS ex rel. GERALYN JABLONSKI, <br><br>Plaintiffs, <br><br>vs. <br><br>RIVERWALK HOLDINGS, LTD., RIEXINGER & ASSOCIATES, LLC, and BAKER & MILLER, P.C., <br><br>Defendants. | 1:11CV840 |

**PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION PURSUANT TO FED.R.CIV.P. 23, WITH RESPECT TO COUNTS II AND III**

Plaintiff Geralyn Jablonski respectfully requests that this Court enter an order determining that Counts II and III of this action may proceed as a class action on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

The class under Count II, alleging violation of the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), consists of all individuals in Illinois against whom Riverwalk Holdings, Ltd. (directly or through agents or attorneys) filed or threatened suit, between January 6, 2006 and January 26, 2011. This class claim is brought against Riverwalk Holdings, Ltd.

The class under Count III, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), consists of all individuals in Illinois against whom Riverwalk Holdings, Ltd. (directly or through agents or attorneys) filed or threatened suit, between January 6, 2010 and January 26, 2011. This class claim is brought against all defendants.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. Ms. Jablonski brought this action to secure redress from unlawful debt collection practices engaged in by defendants Riverwalk Holdings, Ltd. ("Riverwalk"), Riexinger &

Associates, LLC ("Riexinger"), and Baker & Miller, P.C.

2. Riverwalk acquired allegedly defaulted consumer debts and filed lawsuits to collect such debts against plaintiff and at least 346 other Illinois residents (Exhibit 1 (excerpts of Baker & Miller discovery responses)). In order to engage in such activity, it was required to have a license from the Illinois Department of Financial and Professional Regulation under the ICAA. It has admitted that it does not have such a license; this is confirmed by the records of Department of Financial and Professional Regulation. (Exhibit 2 (excerpts of Riverwalk discovery responses) and Exhibit 3 (certification from Department of Financial and Professional Regulation.)

3. Riexinger, and Baker & Miller, are collection law firms. Riexinger sent form letters to Illinois residents representing that Riverwalk could and would sue them. (Exhibit 4 (letter from Riexinger).) Baker & Miller was counsel on suits filed by Riverwalk. (See Exhibit 1 and Exhibit 5 (complaint filed by Riverwalk, through Baker & Miller).)

4. Count II alleges that Riverwalk acted as an unlicensed collection agency, in violation of the ICAA.

5. Count III alleges that all three defendants engaged in unlawful collection practices, in violation of the FDCPA. (Only Riverwalk is a "collection agency" within the ICAA. All three defendants are "debt collectors" subject to the FDCPA.)

**CLASS CERTIFICATION REQUIREMENTS**

6. Each class meets the requirements set forth in Fed.R.Civ.P. 23(a) and 23(b)(3).

7. Each class is so numerous that joinder of all members is not practicable.

8. There are at least 346 class members. (Exhibit 1.) This exceeds the commonly-accepted threshold amount (approximately 40 individuals) to render joinder of all class member to infer that the number of class members in each class impractical. Fed.R.Civ.P. 23(a)(1). Through the pursuit of further formal discovery, the total number of class members will be ascertained.

9. There are questions of law and fact common to the members of the classes, which predominate over any questions relating to individual class members. The predominant common question for each class is whether defendants' conduct was illegal under the ICAA and the FDCPA. Defendants have acted on a uniform basis with respect to Ms. Jablonski and the entire class. Fed.R.Civ.P. 23(a)(2) and (b)(3).

10. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories. Fed.R.Civ.P. 23(a)(3).

11. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and litigation on consumer protection statutes, who have pursued this matter vigorously. (Exhibit 6.) Plaintiff has interests that conflict in no way whatsoever with class members' interests. Fed.R.Civ.P. 23(a)(4).

12. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated. Fed.R.Civ.P. 23(b)(3).

13. In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)