IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALYN JABLONSKI,<br>on behalf of plaintiff and the classes defined below; and<br>PEOPLE OF THE STATE OF ILLINOIS ex rel.<br>GERALYN JABLONSKI,<br><br>Plaintiffs,<br><br>vs.<br><br>RIVERWALK HOLDINGS, LTD.,<br>RIEXINGER & ASSOCIATES, LLC<br>and BAKER & MILLER, P.C.,<br><br>Defendants. | CASE NO.: 11-CV-840 |

### RIVERWALK'S RESPONSES TO
### PLAINTIFF'S DISCOVERY REQUESTS

Defendant, RIVERWALK HOLDINGS, LTD. ("Riverwalk") ("defendant" or "Riverwalk"), by and through its attorneys, David M. Schultz and Justin M. Penn, and for its responses to Plaintiff's First Set of Requests for Admission, Interrogatories and Document Requests, state as follows:

### GENERAL OBJECTIONS

a. Defendant objects to the discovery requests to the extent that they seek information which is protected by the attorney-client privilege and the work product doctrine.

b. Defendant objects to the discovery requests to the extent that they seek information which is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

c. Defendant objects to the discovery requests to the extent that they attempt to impose obligations upon it which are greater than those



EXHIBIT 2

130086622v1 0920481 74117

Case: 1:11-cv-00840 Document #: 54-2 Filed: 08/29/11 Page 2 of 3 PageID #:277

imposed by the Illinois Rules of Civil Procedure, the Illinois Supreme Court Rules, and order entered in this case.

  d. Defendant objects to the discovery requests to the extent that they are duplicative or seek information which is already in the possession of plaintiff, his attorneys or agents.

  e. Defendant objects to the discovery requests to the extent that they seek information that is more readily available to plaintiff, his attorneys or agents or from public sources.

  f. Defendant objects to the discovery requests as improper, overbroad and unduly burdensome because by requesting production of all electronically stored information, plaintiff seeks production of "metadata." Defendant objects to the production of any metadata because it would materially increase the cost of production further making plaintiff's discovery requests overbroad, oppressive and unduly burdensome. Plaintiff has not demonstrated any particularized need for the metadata or why it is necessary and/or relevant. "Emerging standards of electronic discovery appear to articulate a general presumption against the production of metadata." *Wyeth v. Impex Laboratories, Inc.*, No. 06-222, 2006 WL 3091331 at *2 (D.Del 2006); *Kentucky Speedway, LLC v. NASCAR*, No. 05-138, 2006 U.S. Dist LEXIS 92028, at *24 (E.D. Ky. 2006) ("In most cases and for most documents, metadata does not provide relevant information").

  g. Defendant objects to the discovery requests as vague to the extent that the definitions are confusing. Accordingly, defendant is responding to the requests based upon its own understanding of the terms used, and reserves the right to clarify and supplement as necessary.

## REQUESTS FOR ADMISSION

1. The letter attached hereto as <u>Exhibit 1</u> is a true and accurate copy of a letter sent by Riexinger & Associates LLC on January 12, 2010 to Geralyn Jablonski (except inasmuch as some information has been redacted from the letter, by black marker).

2

130086622v1 0920481 74117

**RESPONSE:** The information known and readily available to defendant is insufficient to allow it to admit the trust or falsity of the information contained in Request No. 1.

2. Riverwalk Holdings, Ltd., prior to January 5, 2011, did not hold a collection agency license from the Illinois Department of Financial and Professional Regulation.

   **RESPONSE:** Admit.

3. At some point prior to January 12, 2010, Riverwalk Holdings, Ltd. authorized Riexinger & Associates LLC to make an attempt to collect on the alleged debt originated by U.S. Bank.

   **RESPONSE:** Defendant objects to Request No. 3 to the extent that it calls solely for a legal conclusion and objects to the form of Request No. 3 as argumentative. Further answering the information contained in Paragraph 3, Riverwalk admits that prior to January 12, 2010, it placed the U.S. Bank account with Riexinger for collection.

4. At some point prior to December 8, 2010, Riverwalk Holdings, Ltd. authorized Baker & Miller P.C. to file a lawsuit, in its name, against Geralyn Jablonski, on an alleged debt originated by U.S. Bank.

   **RESPONSE:** Deny.

5. The person who signed <u>Exhibit 1</u> — Stephen P. Riexinger — is or was at one time a member, director or officer of Crown Asset Management LLC, which was sued