# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALYN JABLONSKI, on behalf of herself and the proposed class, et al., )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RIVERWALK HOLDINGS, LTD., et al., )<br>Defendants. ) | No. 11 CV 840<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Plaintiff Geralyn Jablonski has sued defendant Riverwalk Holdings, Ltd., and two of its law firms, Riexinger & Associates, LLC, and Baker & Miller, P.C., for attempting to collect a debt even though Riverwalk was not a licensed debt collector. She seeks to represent a class of persons she contends were similarly harmed.

Before the court are a motion for class certification, a motion for preliminary approval of a class action settlement with Baker & Miller, and a request for a default judgment against Riverwalk. For the reasons that follow, the motions are denied, as is the request for a default judgment.

## BACKGROUND

When determining the appropriateness of class certification, the court does not accept as true the allegations of the complaint and must, instead, "probe behind the pleadings." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011). Therefore, the following background section is based upon not only the allegations of the complaint but also the additional materials submitted by the parties during briefing of the pending motions. The facts are agreed except where noted.

The debt underlying the allegations of the complaint consists of charges Geralyn Jablonski made to her personal credit card issued by U.S. Bank. The charges consist of two cash advances—one on January 16, 2008, for $3,000, and the second on January 25, 2008, for $600—plus a $240.50 round-trip airline ticket purchased on April 13, 2008, for a trip between Las Vegas and Chicago. The events leading up to these charges began in 2006, when Jablonski relocated from the Chicago area to Las Vegas to start her own business, Ace Painting. By August 2008 the business had failed and had been dissolved.

As a result of the business' failure, Jablonski decided to return to the Chicago area. However, the parties differ over when her return occurred. Jablonski testified in her deposition that she moved back to Chicago in January 2009, and that she took the cash advances to facilitate her move. In the response in opposition to the motion for class certification, defendant Riexinger contends that the move must have occurred in January 2008 because that is the date of the cash advances, and suggests that Jablonski's testimony that she moved in January 2009 must have been mistaken. Response [98-1] at 8 n.3. However, in her reply brief, Jablonski sticks with her contention that she "moved at the beginning of 2009." Reply [115-1] at 3. The move consisted of driving two vehicles and one trailer of her personal belongings and office equipment that belonged to Ace Painting back to Chicago.

In January 2010, Jablonski received a letter from Riexinger & Associates, LLC, advising her that it was attempting to collect a debt that originated with U.S. Bank and was now owned by Riexinger's client, Riverwalk Holdings, Ltd. The letter further advised her that if the debt could not be resolved amicably, Riexinger would evaluate whether to file suit. On December 8, 2010, Riverwalk filed suit against Jablonski in the Circuit Court of McHenry County, Illinois, though it

used the law firm Baker & Miller, P.C. rather than Riexinger. The suit was dismissed without prejudice on January 3, 2011.

Jablonski alleges that at the time Riexinger wrote to her, and Baker & Miller initiated the suit against her, Riverwalk was not a licensed collection agency under Illinois law. Her claims consist of three counts. In Count I, she brings suit on behalf of the people of the state of Illinois under § 14a of the Illinois Collection Agency Act seeking to enjoin Riverwalk from continuing to collect debts without being a licensed collection agency. *See* 225 Ill. Comp. Stat. 425/14a. In Count II, she alleges a putative class claim against Riverwalk for engaging in conduct prohibited by the Illinois Collection Agency Act, such as filing or threatening to file lawsuits to collect a debt without the required license. In Count III, she alleges a putative class claim that all three defendants violated the federal Fair Debt Collection Practices Act through the use of false representations and threatening to take actions that could not legally be taken. *See* 15 U.S.C. § 1692, *et seq.*

Before the court are a motion for class certification, a motion for preliminary approval of a class action settlement, and a request for a default judgment. The court will address each in turn.

**I.     MOTION FOR CLASS CERTIFICATION [77-1]**

To obtain class certification, Jablonski must demonstrate that the proposed class meets the requirements of Federal Rule of Civil Procedure 23. *See Siegel v. Shell Oil Co.,* 612 F.3d 932, 935 (7th Cir. 2010). Under Rule 23, one or more members of a class may sue on behalf of all members of the class if:

> (1)     the class is so numerous that joinder of all members
>           is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The case may proceed as a class action if those four requirements are met, plus one of the three provisions of Rule 23(b). *Siegel,* 612 F.3d at 935. Jablonski contends that the proposed class satisfies the third provision of Rule 23(b), which reads as follows:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The burden falls on the plaintiff to demonstrate that the requirements of Rule 23 have been satisfied. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). The court has broad discretion to determine whether the movant has satisfied the requirements for class certification. *See Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 976 (7th Cir. 2011). The requirements of Rule 23 should be liberally construed to support the policy favoring the maintenance of class actions. *See Brown v. Yellow Transportation, Inc.*, No. 08 CV 5908, 2011 WL 1838741, at *2 (N.D. Ill. May 11, 2011). As discussed above, in making its determination, the court may look beyond the pleadings. *See Wal-Mart Stores*, 131 S. Ct. at 2551-52 ("sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question") (internal quotation marks and citation omitted).

Although Jablonski seeks class certification for claims against all of the defendants, only defendant Riexinger has filed a written response in opposition to class certification. Defendant Baker & Miller agrees that class certification is appropriate (as expressed in its proposed settlement agreement with Jablonski), while defendant Riverwalk is silent on the issue and, in fact, is in default. But irrespective of the parties' positions, the court must independently ensure that the requirements set out in Rule 23 are met before certifying a class, even when no party opposes certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997) (court must consider class certification before approving settlement of class claims); *Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003) (court must consider class certification before awarding class damages as part of a default judgment). Accordingly, the court will evaluate the propriety of class certification not only of the claim in Count III against Riexinger, which Riexinger opposes,

but also of the claims against Riverwalk in Counts II and III, as well as the claim against Baker & Miller in Count III.

### A. Claims Against Riexinger

Riexinger contends that class certification for the Fair Debt Collection Practices Act claim against it in Count III must be denied for three reasons: (1) Jablonski's claim is not typical of the class claims as required by Rule 23(a)(3); (2) the claims of proposed class members do not raise common questions of fact or law as required by Rule 23(a)(2); and (3) the proposed class cannot satisfy the predominance and superiority requirements of Rule 23(b)(3).

#### 1. Typicality

First, Riexinger contends that class certification must be denied because Jablonski's claim is not typical of the claims of the other members of the proposed class. Specifically, Riexinger argues that Jablonski's debt was a business debt, not a consumer debt, and therefore does not fall within the scope of the Fair Debt Collection Practices Act. In support, Riexinger asserts that the cash advances Jablonski obtained to return from Las Vegas to Chicago were business expenses necessitated by the failure and dissolution of Ace Painting.

The Fair Debt Collection Practices Act protects those who incur consumer debt. *See Berman v. GC Services Limited Partnership*, 146 F.3d 482, 484 (7th Cir. 1998). Whether a debt is a consumer debt covered by the Act turns on whether a consumer's obligation to repay money arises out of a transaction the subject of which is "primarily for personal, family, or household purposes." 15 U.S.C. § 1962a(5); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000).

Riexinger argues that Jablonski's debt was not covered by the Act because the cash withdrawal out of which the debt arose was not primarily for personal, family, or household purposes, but rather was related to the failure and dissolution of Ace Painting. Jablonski responds that the proceeds of the cash advance could not have been used for business expenses because she withdrew the money after Ace Painting dissolved. In support, Jablonski contends that she obtained the money through cash advances in January 2009, several months after Ace Painting had failed and dissolved in August 2008. However, according to U.S. Bank records, the cash advances occurred not in January 2009 but, rather, on January 16, 2008, and January 25, 2008. The only other activity on the card that is part of the debt at issue is a plane ticket purchased on April 13, 2008. All of these charges occurred long before Ace Painting dissolved, which undermines Jablonski's argument that the charges were necessarily personal rather than commercial.

As mentioned, Jablonski bears the burden of establishing that her proposed class meets the requirements for certification, including typicality. *See Messner*, 669 F.3d at 811. She has not met that burden with her argument that her debt necessarily falls within the scope of the Fair Debt Collection Practices Act because it arose after the dissolution of Ace Painting when, in fact, her credit card records show that the debt arose long before the dissolution.

The record is bereft of any receipts or other records of what Jablonski purchased with the proceeds of the credit card transactions, except for the $240.50 plane ticket for a trip taken before the dissolution of Ace Painting. Without such records, Jablonski is left only with her contention that she obtained the cash advances around the time of her move in January 2009, a contention at odds with the credit card records. Accordingly, Jablonski has failed to satisfy her

burden of establishing that her claim is typical of the other proposed class members' because it falls within the scope of the Fair Debt Collection Practices Act, and the motion for class certification regarding the claim in Count III against Riexinger is denied without prejudice.

Although Jablonski's motion for class certification fails because she has not established that her debt was a consumer debt, for the sake of completeness the court briefly addresses Riexinger's other arguments that Jablonski cannot establish typicality. Riexinger argues that certification should be denied for the alternative reason that her claim is not typical because she alleges no actual damages. However, the Act provides for both actual and statutory damages, and does not require proof of actual damages in order to recover statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998). In addition, a class representative need not have incurred actual damages in order to recover those damages for the class. *Id.* at 594. Accordingly, Jablonski's lack of actual damages is not a basis for denying class certification.

Next, Riexinger argues that certification should be denied because Jablonski "did not ever file an appearance, go to court, or pay anything as a result of defendants' conduct." Response [98–1] at 13. The argument appears to be a recasting of its argument that Jablonski did not incur actual damages. But as discussed above, she need not have suffered actual damages in order to recover statutory damages, or to bring a claim for actual damages on behalf of a class. *See Keele*, 149 F.3d at 593. In addition, whether the defendants' letters and lawsuits on behalf of an unlicensed debt collector violated the Fair Debt Collection Practices Act is an issue common to all members of the proposed class, and that commonality is not destroyed by some factual variations such as the steps class members took in reaction to the letters and lawsuits. *See Quiroz v. Revenue Production Mgmt., Inc.*, 252 F.R.D. 438, 444 (N.D. Ill. 2008).

### 2. Inadequacy

Next, Riexinger contends that class certification should also be denied because Jablonski will be an inadequate class representative. Under Federal Rule of Civil Procedure 23(a)(4), a class may be certified only if "the representative parties will fairly and adequately protect the interests of the class." Riexinger contends that Jablonski fails to meet that standard because she has not meaningfully participated in discovery. However, of all the discovery requests exchanged, the only requests that Riexinger contends Jablonski failed to honor were requests for her credit report, tax records, and bank records for Ace Painting's account at U.S. Bank. In fact, Jablonski produced the credit report in response to a motion to compel. As for the tax records and Ace Painting bank records, Jablonski's counsel wrote to Riexinger explaining the basis for not producing the documents—intrusiveness—and Riexinger never filed a motion to compel before discovery closed. On that record, the court declines to find that Jablonski has refused to meaningfully participate in discovery.

### 3. Superiority of Class Action

Finally, Riexinger argues that class certification should be denied for the additional reason that a class action is not a superior method of handling the alleged claims. Specifically, Riexinger contends that in a class action, statutory damages are capped at 1% of a defendant's net worth, and Riexinger's net worth is negative. *See* 15 U.S.C. § 1692k(a)(2)(B). Because the cap applies only to class actions, Riexinger contends that individual actions would be the superior method of adjudicating claims against it. Riexinger's arguments against class certification are unpersuasive for two reasons. First, although Riexinger contends that its negative net worth is not disputed by the plaintiff, Jablonski does in fact dispute Riexinger's

portrayal of its own net worth, and has provided financial statements it asserts demonstrate a positive net worth. Second, the cap established by § 1692k(a)(2)(B) applies only to statutory damages, not to actual damages, which Jablonski seeks for the putative class to the tune of $220,127.61. Accordingly, Riexinger's net worth is also not an obstacle to class certification.

### B. Class Claim Against Baker & Miller

Jablonski also seeks certification of the class claim in Count III alleged against Baker & Miller. However, as discussed in connection with the proposed class claim against Riexinger, the record does not support certification. Specifically, Jablonski has failed to demonstrate that her claims involve a consumer debt that falls within the scope of the Fair Debt Collection Practices Act. As a result, she has failed to demonstrate that her claim against Baker & Miller is typical of the claims of the proposed class members, a prerequisite to certification.

Accordingly, the motion for class certification regarding the Fair Debt Collection Practices Act in Count III against Baker & Miller is also denied without prejudice.

### C. Class Claim Against Riverwalk Holdings

Finally, Jablonski seeks class certification regarding the claim under the Illinois Collection Agency Act in Count II against Riverwalk Holdings. In that claim, Jablonski alleges that Riverwalk Holdings engaged in the following acts prohibited under 225 Ill. Comp. Stat. 425/9:

> . . .
>
> (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist; [or]
>
> . . .

> (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

The Illinois Appellate Court has recognized a private right of action under § 9 of the Illinois Collection Agency Act. *See Sherman v. Field Clinic*, 392 N.E.2d 154, 160-61 (Ill. App. Ct. 1979). However, unlike the federal Fair Debt Collection Practices Act, to prevail under § 9 of the Illinois Collection Agency Act, a plaintiff must have actual damages. *See Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 881 (N.D. Ill. 2009).

Jablonski has not identified any actual damages she suffered, either in the allegations of the complaint or in the briefs and exhibits submitted in support of her motion for class certification. As a result, she has not shown that her claim is typical of the putative class' claim, or that she would be an adequate class representative. *See Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011) (named plaintiff with claims weaker than those of the other putative class members are not adequate class representatives). Because typicality and adequacy are prerequisites for class certification, the motion for certification of the class claim alleged in Count II against Riverwalk is denied.

## II. MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT WITH BAKER & MILLER [92-1]

Because Jablonski has failed to establish that her proposed class meets the requirements for certification, the motion for preliminary approval of the proposed class action settlement with Baker & Miller must also be denied. *See Amchem*, 521 U.S. at 620-21 (class must be certified before the court can approve the settlement of class claims).

**III.    REQUEST FOR DEFAULT JUDGMENT AGAINST RIVERWALK HOLDINGS**

On January 26, 2012, the court entered an order of default against Riverwalk Holdings on Counts I and II based on its failure to secure new counsel after repeated warnings to do so. Upon entering the order of default, the court also directed Jablonski to file a memorandum and supporting documentation to prove up the damages sought. For ease of analysis, the court will address the request for judgment under Count II first, before addressing the request for judgment under Count I.

    **A.    Request for Judgment under Count II**

As previously discussed, to succeed on a claim for damages under § 9 of the Illinois Collection Agency Act, a plaintiff must have evidence of actual damages. *See Herkert*, 655 F. Supp. 2d at 881. Jablonski has failed to identify any evidence of her own actual damages during the course of briefing her motion for class certification. Because Jablonski has not established that she can succeed on a claim under the Illinois Collection Agency Act, she has not established that her claim is typical of the class she has proposed, that she would be an adequate class representative, and has therefore not satisfied the requirements for class certification. *See Messner*, 669 F.3d at 811. In the absence of a certifiable class, the court cannot award class damages as part of a default judgment. *See Davis*, 321 F.3d at 648 (class must be certified before awarding class damages in a default judgment).

Accordingly, the request for a default judgment and award of damages under Count II is denied.

### B. Request for Injunction and Disgorgement under Count I

Jablonski's claim in Count I is brought not individually or as a class claim but, rather, is brought on behalf of the people of the State of Illinois. Under the Illinois Collection Agency Act, "any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief" to enjoin a defendant from acting as a collection agency without a valid license. 425 Ill. Comp. Stat. 425/14a. In Count I, Jablonski seeks both an order enjoining Riverwalk from acting as a collection agency without a license, as well as disgorgement of $220,127.61 which, according to Riverwalk's previous counsel, is the amount that Riverwalk collected from Illinois debtors during the years 2008-10.

#### 1. Injunctive Relief

The Illinois Collection Agency Act declares that the practice of acting as a collection agency without a valid license is inimical to the public welfare, constitutes a public nuisance, and causes irreparable harm to the public welfare. *See* 225 Ill. Comp. Stat. 425/14a. To guard against that harm, the Act authorizes "any person" to "apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice." *Id.* "Only the showing of nonlicensure" is needed to obtain a temporary restraining order, and a permanent injunction may be entered after "it is established that the defendant has been or is engaged in such unlawful practice." *Id.* In addition, the party seeking the injunction must establish a reasonable likelihood of future violations of the statute. *United States v. Kaun*, 827 F.2d 1144, 1148 (7th Cir. 1987).

Because of Riverwalk's default, the factual allegations made in the complaint are deemed true. *See Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Thus, by reason of the default, it is deemed true that Riverwalk "filed scores of collection lawsuits against residents of" Illinois at a

time that it lacked a license to act as a collection agency. *See* Complaint (attached as exhibit A to Notice of Removal [1-1]). Such conduct violates the Illinois Collection Agency Act. *See* 225 Ill. Comp. Stat. 425/4 (no collection agency shall operate without being registered under the Act).

In addition, Jablonski has identified evidence on the issue of the likelihood of future violations. Specifically, it has identified a transcript from the deposition of Michael Cowguill, apparently the general manager of Riexinger, who testified on February 27, 2012, that Riexinger continues to represent Riverwalk in collection proceedings. Given that (1) Riverwalk continues to attempt to collect debts, (2) Riverwalk's business has included seeking to collect from Illinois residents, and (3) nothing in the record suggests that Riverwalk has obtained the required license to collect debts in Illinois, Jablonski has satisfied the requirement of showing a likelihood of Riverwalk continuing to violate the Illinois Collection Agency Act.

Because Jablonski has shown both past violations and a likelihood of future violations, the court grants her request, on behalf of the people of the State of Illinois, for an order enjoining Riverwalk from continuing to engage in unlicensed debt collection in Illinois. Jablonski shall submit a proposed order of injunction consistent with this decision to the court's proposed order inbox no later than June 26, 2012. By that date, counsel shall also file a revised request for attorneys' fees. *See* 225 Ill. Comp. Stat. 425/14a. The revised request shall limit its requests for fees to those incurred to obtain relief under § 14a.

### 2. Disgorgement

In addition to an injunction, Jablonski seeks the disgorgement of $220,127.61, the amount that Riverwalk collected from Illinois debtors during the years 2008-10. Disgorgement

is an award based on the defendant's profits rather than the plaintiff's loss. *Oshana v. Coca-Cola Co.*, No. 04 CV 3596, 2005 WL 1661999, at *10 (N.D. Ill. July 13, 2005). Because it is measured based on the defendant's ill-gotten gains, disgorgement can exceed an award of actual damages. *Id.* Disgorgement is an equitable remedy, and whether or not to award an equitable remedy is within the discretion of the district court. *See BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1095-96 (7th Cir. 1994).

Jablonski contends that the court may award disgorgement in addition to injunctive relief, even though § 14a of the Illinois Collection Agency Act does not provide for disgorgement. In support, she cites two cases in which the government obtained not only an injunction under the Federal Trade Commission Act, *see* 15 U.S.C. § 53(b), but also ancillary relief in the form of disgorgement, *see FTC v. QT, Inc.*, 512 F.3d 858, 863 (7th Cir. 2008), or restitution, *see FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 570-72 (7th Cir. 1989). Jablonski urges this court to reach the same result under the Illinois Collections Agency Act and award disgorgement, even though § 14a of the Act makes no provision for any relief other than injunctive.

Jablonski has not cited, nor has the court found, a case awarding disgorgement under the Illinois Collections Agency Act. But even assuming that § 14a of the Act permits a monetary award in addition to injunctive relief, the court would not exercise its discretion to make such an award. As discussed above, disgorgement is an equitable remedy under which a plaintiff may obtain an award in excess of the plaintiff's actual loss. *See Oshana*, 2005 WL 1661999, at *10. However, the amount Jablonski seeks as equitable disgorgement is identical to what she seeks for the class as actual damages—the $220,127.61. *See* Memorandum in Support of Default Judgment [128-1] at 11. In fact, she specifies that the $220,127.61 she seeks should be awarded

only once in satisfaction of both the claim for disgorgement and the claim for the class' actual damages. *Id.* Although certification has not yet been granted, the claims of the putative class remain. Because the putative class claims seek an award of damages identical to the disgorgement she seeks as equitable relief, her claim for an equitable monetary award is duplicative and the court declines to award it. *See Commodity Futures Trading Commission v. White Pine Trust Corp.*, No. 04 CV 2093 J(NLS), 2007 WL 1754819, at 9 (S.D. Calif. Apr. 20, 2007) ("Since an award by the Court of disgorgement is coterminous with that of restitution, the Court DENIES Plaintiff's request for relief in the form of disgorgement as redundant.").

## CONCLUSION

For the reasons given, (1) the motion for class certification [77-1] is denied without prejudice, (2) the motion for preliminary approval of the proposed class action settlement with Baker & Miller [92-1] is denied without prejudice, and (3) the request for a default judgment against Riverwalk is granted in part and denied in part as follows: (a) on Count I the court shall enter a permanent injunction against Riverwalk enjoining it from acting as a collection agency without the required license, and shall award reasonable attorneys' fees but not disgorgement; and (b) shall not enter a default judgment on Count II because of the lack of a certified class. Jablonski shall e-mail to the court's proposed order inbox a draft order of injunction no later than June 26, 2012. By that date, counsel shall also file a revised request for attorneys' fees under 225 Ill. Comp. Stat. 425/14a, limiting her request to those fees incurred to obtain relief under § 14a.

ENTER:

DATE: June 14, 2012                              *Blanche M. Manning*
                                                 _____

Blanche M. Manning
United States District Judge