# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 840 | **DATE** | July 23, 2012 |
| **CASE TITLE** | *Jablonski v. Riverwalk Holdings, Ltd.,* et al. | | |

**DOCKET ENTRY TEXT**

An award of fees and costs is entered against defendant Riverwalk Holdings, Ltd. under 225 Ill. Comp. Stat. 425/14a in the amount of $10,000.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　Docketing to mail notices.

00:00

---

## STATEMENT

In an order dated June 14, 2012, this court partially granted the motion for a default judgment against defendant Riverwalk Holdings, Ltd. filed by plaintiff Geralyn Jablonski on behalf of the People of the State of Illinois. In the order, the court found that Jablonski had satisfied the requirement of 225 Ill. Comp. Stat. 425/14a entitling her to a permanent injunction against Riverwalk, enjoining it from acting as a collection agency in Illinois in violation of 225 Ill. Comp. Stat. 425/4. The court also found that the plaintiff was entitled to an award of reasonable attorneys' fees and costs incurred in obtaining the injunction. The injunction order previously issued. *See* Docket Entry #147. The court now considers Jablonski's request for fees and costs.

Jablonski originally sought attorneys' fees and costs in the amount of $72,835.25, consisting of $69,773.00 in fees and $3,062.25 in costs. It now acknowledges that the amount originally sought included not only work performed on the claims against Riverwalk, but also for work performed on other claims against other defendants. Although Jablonski contends that work performed early in the case related broadly to all of the claims against all of the defendants, work performed beginning in October 2011 was incurred mostly while pursuing claims against one of the other defendants, Riexinger & Associates, LLC. According to the court's review of attorneys' billing records, the fees for work performed prior to October 2011 totaled approximately $35,555, while costs totaled approximately $1,571.22. Of that amount—a total of $37,126.22—she now seeks less than one-third of it, or $10,000, as total fees and costs.

To be entitled to an award of fees, Jablonski must demonstrate that her request is reasonable both as to the number of hours that her counsel billed, as well as the hourly rates sought. *See Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (when prevailing party is entitled to fees, lodestar method should be used to calculate a reasonable fee). The court has carefully reviewed the billing records of Jablonski's attorneys and finds that the time spent appropriately matched the level of difficulty of the work performed, and was reasonably necessary.

As for the reasonableness of the hourly rates sought, although an attorney is normally entitled to recover his

## STATEMENT

or her market rate, in the context of a default judgment the court must also ensure that the market rate is reasonable. *See Medline Indus., Inc. v. Medline Prods. Co.*, No. 03 CV 7255, 2004 WL 1921020, at **2-3 (N.D. Ill. July 8, 2004) (report and recommendation of Mag. J. Brown, adopted by J. Conlon on Aug. 17, 2004). Based on a review of the materials submitted in support of the motion for a default judgment and for fees, the court finds that the reasonableness of some of the hourly rates sought are unsupported. In particular, attorneys Daniel Edelman, Cathleen Combs, and James Latturner seek $550 an hour. The only support counsel provides for that rate is the October 18, 2007, docket entry in the case *Bruce v. Wells Fargo Bank*, No. 05 CV 243 (N.D. Ind.), in which they contend they were awarded $550 an hour for work similar to the work performed in this case. But that docket entry does not identify the hourly rates awarded. In the other cases involving similar work cited by counsel, they were awarded rates ranging around $400 an hour. Given their years of experience (36 each for Mr. Edelman and Ms. Combs, and 50 years for Mr. Latturner), the court finds that $400 would be a reasonable hourly rate for their work performed in 2011. *See Soleau v. Ill. Dep't of Transporation*, No. 09 CV 3582, 2011 WL 2415008, at *5 (N.D. Ill. June 9, 2011) (awarding $400 for attorney with 43 years' experience). Using the $400 hourly rate for Edelamn, Combs, and Latturner as a benchmark, the court also reduces the hourly rates of less senior partners as follows: Tara Goodwin (21 years' experience) to $375; Michelle Treggellar (15 years' experience) to $350; and Francis Greene (12 years' experience) to $325. The court finds the rates for the remaining partners (ranging from $280 - $310), associates (ranging from $190 - $280), and paralegals (ranging from $100 - $120) to be reasonable.

Because attorneys Edelman, Combs, Latturner, Goodwin, Treggellar, and Greene billed very little on this case, the revised hourly rates adopted above have little effect on the total amount billed prior to October 2011. Specifically, the total amount billed drops from $35,555 to $31,610.

As for costs, the court has carefully reviewed the expenses sought. The costs were mostly incurred while paying filing fees, process server fees, postage, and copying. The costs appear to have been reasonably incurred and none appear to be excessive.

Finally, the court must now determine what portion of the requests for fees and costs is attributable to the work performed to obtain the permanent injunction against Riverwalk Holdings under 225 Ill. Comp. Stat. 425/14a. It is difficult to discern from the billing records which work was performed on which claim against which defendant. As a result, the court has been unable to isolate the work performed on the claim for injunctive relief against Riverwalk Holdings. Instead of attempting to isolate the work, and in recognition of the fact that much of the work related broadly to all of the claims against all of the defendants, Jablonski limits her request to what amounts to less than one-third of the $37,126.22 in costs and fees incurred prior to October 2011. The court finds Jablonski's estimation to be reasonable and adopts it.

Accordingly, the request for an order awarding costs and fees in the amount of $10,000 is granted.

rs/cpb